DECISION AND JUDGMENT
{¶ 1} Appellant, the city of Toledo, appeals from a judgment of the Toledo Municipal Court, granting judgment to appellee, Sherman R. Mosher, and awarding him $9,095.76 in damages. For the reasons that follow, we reverse the judgment of the trial court. *Page 2 
 {¶ 2} Appellee began working for appellant in 1980. In 2006, he accepted a promotion and became the Commissioner of the Division of Water Distribution.
 {¶ 3} On December 5, 2007, appellee filed a complaint against appellant alleging breach of his employment contract. Specifically, appellee alleged that since his promotion, appellant had refused to pay appellee the longevity pay he is entitled to under Toledo Municipal Code § 2107.74(e). Appellee sought $15,000 in damages.
 {¶ 4} On June 9, 2008, appellee filed a motion for summary judgment. On June 25, 2008, appellant also filed a motion for summary judgment. The trial court granted summary judgment to appellee on August 29, 2008. Appellant now appeals setting forth the following assignment of error:
 {¶ 5} "The city properly compensated the plaintiff when it rolled his longevity into his annual salary pursuant to statute."
 {¶ 6} We review the trial court's grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Civ. R. 56(C) provides:
 {¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule." *Page 3 
 {¶ 8} Summary judgment is proper where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party.Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621,629.
 {¶ 9} At issue is Toledo Municipal Code 2107.74(e) which states:
 {¶ 10} "Effective the first full pay period in September of 1995, any employee in salary groups E-1 through E-4, and L-1 through L-4, who became employed by the City prior to July 1, 1982 and who therefore has received longevity pay, shall no longer receive longevity as a separately itemized payment. Such employee's longevity pay shall be incorporated into the employee's base annual salary by multiplying the longevity annual base rate by the appropriate percentage and including the result in the annual salary. Longevity pay shall be added to the employee's base annual salary based upon the employee's present longevity base rate or the rate as listed below if it is greater.
 {¶ 11} "An employee promoted to the executive group after the first full pay period in September of 1995 who has been receiving longevity pay, shall have that pay incorporated into his or her base annual salary using this same methodology. The employee shall only have the amount of longevity pay from their permanent position prior to the promotion added to their new base annual salary. *Page 4 
 {¶ 12} "Once longevity pay has been incorporated into an employee's base annual salary, the employee will not receive further automatic increases once the next plateaus of years of service for longevity pay purposes are reached."
 {¶ 13} It is undisputed that prior to being promoted in 2006, appellee regularly received longevity pay. It is undisputed that appellee was promoted to the executive group referenced in the above code section when he was promoted to his position as Commissioner. It is further undisputed that appellee's Commissioner salary was $70,000 per year.
 {¶ 14} Appellant contends that appellee is not entitled to any more money than his $70,000 yearly salary because his longevity pay automatically rolled into his yearly salary as contemplated by Toledo Municipal Code 2107.74(e). To support this contention, appellant offered the testimony of Margaret Wallace, the acting Director of Human Resources for the city of Toledo. She testified that appellee's salary included his longevity pay.
 {¶ 15} Appellee contends that his salary did not include his longevity pay. He testified that he accepted his promotion and his salary of $70,000 with the understanding that his longevity pay was separate.
 {¶ 16} The parties have not submitted any documentation or other evidence supporting their conflicting positions. Accordingly, we find there remains a genuine issue of material fact to be litigated with regards to appellee's longevity pay. Therefore, appellant's sole assignment of error is well-taken. *Page 5 
 {¶ 17} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Toledo Municipal Court is reversed and the matter is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerks' expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J. CONCUR. *Page 1